IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| VIRGINIA E. SWICEGOOD | § | |
| AS EXECUTRIX OF THE ESTATE OF | § | |
| WILLIAM R. SWICEGOOD, JR., M.D., | § | |
| | § | Civil Action No. 3:95-CV-0335-D |
| Plaintiff- | § | |
| Counterdefendant, | § | |
| | § | |
| MARTI T. DEAN, | § | |
| | § | |
| Plaintiff- | § | |
| Intervenor, | § | |
| | § | |
| and DAVID GREENSTONE, as | § | |
| RECEIVER FOR MARTI T. DEAN, | § | |
| | § | |
| Plaintiff- | § | |
| Intervenor, | § | |
| | § | |
| VS. | § | |
| | § | |
| THE MEDICAL PROTECTIVE | § | |
| COMPANY, | § | |
| | § | |
| Defendant- | § | |
| Counterplaintiff. | § | |

## COURT'S CHARGE TO THE JURY

MEMBERS OF THE JURY:

Now that you have heard all of the evidence and the argument of counsel, it becomes my duty to give you the instructions of the court concerning the law applicable to this case.

It is your duty as jurors to follow the law as I shall state it to you and to apply that law to the facts as you find them from the evidence in the case. You are not to single out one instruction as stating the law, but must consider the instructions as a whole. Neither are you to be concerned with the wisdom of any rule of law stated by me.

37  Regardless of any opinion you may have as to what the law is or ought to be, it would be a
38  violation of your sworn duty to base a verdict upon any view of the law other than that given in these
39  instructions, just as it would also be a violation of your sworn duty, as judges of the facts, to base a
40  verdict upon anything other than the evidence in the case.

41  In deciding the facts of this case, you must not be swayed by bias or prejudice or favor as to
42  any party.  Our system of law does not permit jurors to be governed by prejudice or sympathy or
43  public opinion.  The parties and the public expect that you will carefully and impartially consider all
44  of the evidence in the case, follow the law as stated in these instructions, and reach a just verdict
45  regardless of the consequences.

46  This case should be considered and decided by you as an action between persons of equal
47  standing in the community and holding the same or similar stations in life.  The law is no respecter
48  of persons, and all persons, including corporations, stand equal before the law and are to be dealt with
49  as equals in a court of justice.

50  As stated earlier, it is your duty to determine the facts, and in so doing you must consider only
51  the evidence I have admitted in the case.  The term "evidence" includes the sworn testimony of the
52  witnesses, the exhibits admitted in the record, and the stipulated facts.  Stipulated facts must be
53  regarded as proven facts.  The term "evidence" does not include anything that I have instructed you
54  to disregard.

55  Evidence admitted before you for a limited purpose may not be considered for any purpose
56  other than the limited purpose for which it was admitted.

57  Remember that any statements, objections, or arguments made by the lawyers are not
58  evidence in the case.  The function of the lawyers is to point out those things that are most significant

59 or most helpful to their side of the case and, in so doing, to call your attention to certain facts or
60 inferences that might otherwise escape your notice. In the final analysis, however, it is your own
61 recollection and interpretation of the evidence that controls in the case. What the lawyers say is not
62 binding upon you. If an attorney's question contained an assertion of fact that the witness did not
63 adopt, the assertion is not evidence of that fact.

64 You are not bound by any opinion that you might think I have concerning the facts of this
65 case, and if I have in any way said or done anything that leads you to believe that I have any opinion
66 about the facts in this case, you are instructed to disregard it. Further, nothing in these instructions
67 to you is made for the purpose of suggesting or conveying to you an intimation as to what verdict I
68 think you should find.

69 Although you should consider only the evidence in the case, you are permitted to draw such
70 reasonable inferences from the testimony and exhibits as you feel are justified in the light of common
71 experience. In other words, you may make deductions and reach conclusions that reason and
72 common sense lead you to draw from the facts established by the evidence in the case.

73 You should not be concerned about whether the evidence is direct or circumstantial. "Direct
74 evidence" exists when the evidence directly establishes the facts that a party asserts to be true, such
75 as by an eye witness or in a document. "Circumstantial evidence" is proof of a chain of facts and
76 circumstances that, without going directly to prove the existence of an essential fact, gives rise to a
77 logical inference that such fact does actually exist. The law makes no distinction between the weight
78 you may give to either direct or circumstantial evidence.

79 Now, I have said that you must consider all of the evidence. This does not mean, however,
80 that you must accept all of the evidence as true or accurate.

81 You are the sole judges of the "credibility" or believability of each witness and the weight to
82 be given to the witness' testimony. In weighing the testimony of a witness, you should consider the
83 witness' relationship to a particular party; the witness' interest, if any, in the outcome of the case; the
84 witness' manner of testifying; the witness' opportunity to observe or acquire knowledge concerning
85 the facts about which the witness testified; the witness' candor, fairness, and intelligence; and the
86 extent to which the witness' testimony has been supported or contradicted by other credible evidence.
87 You may, in short, accept or reject the testimony of any witness, in whole or in part.

88 Also, the weight of the evidence is not necessarily determined by the number of witnesses
89 testifying as to the existence or nonexistence of any fact. You may find that the testimony of a
90 smaller number of witnesses as to any fact is more credible than the testimony of a larger number of
91 witnesses to the contrary.

92 A witness may be "impeached" or discredited by contradictory evidence, by a showing that
93 the witness testified falsely concerning a material matter, or by evidence that at some other time the
94 witness said or did something, or failed to say or do something, that is inconsistent with the witness'
95 present testimony. If you believe that any witness has been so impeached, it is your exclusive
96 province to give the testimony of that witness such credibility or weight, if any, as you think it
97 deserves.

98 The rules of evidence provide that if scientific, technical, or other specialized knowledge will
99 assist the jury to understand the evidence or to determine a fact in issue, a witness qualified as an
100 expert by knowledge, skill, experience, training, or education may testify and state an opinion
101 concerning such matters if the testimony is based upon sufficient facts or data, the testimony is the
102 product of reliable principles and methods, and the witness has applied the principles and methods

103 reliably to the facts in the case.

104 You should consider each expert opinion received in evidence in this case and give it such
105 weight as you may think it deserves. If you should decide that the opinion of an expert witness is not
106 based upon sufficient knowledge, skill, experience, training, or education, or if you should conclude
107 that the reasons given in support of the opinion are not sound, or that the opinion is not based upon
108 sufficient facts or data, or that the opinion is outweighed by other evidence, or that the opinion is not
109 the product of reliable principles and methods, or that the witness has not applied the principles and
110 methods reliably to the facts in the case, then you may disregard the opinion entirely.

111 The party with the burden of proof must meet that burden by a preponderance of the
112 evidence. A preponderance of the evidence means such evidence as, when considered and compared
113 with that opposed to it, has more convincing force and produces in your minds a belief that what is
114 sought to be proved is more likely true than not true. To prove a fact by a "preponderance of the
115 evidence" merely means to prove that the fact is more likely so than not so.

116 In determining whether any fact in issue has been proved by a preponderance of the evidence,
117 the jury may consider the testimony of all the witnesses, regardless of who may have called them, and
118 all the exhibits received in evidence, regardless of who may have produced them.

119 As used in this charge, the term "plaintiffs" means, collectively, plaintiff-counterdefendant
120 Virginia E. Swicegood, as executrix of the estate of William R. Swicegood, Jr., M.D., plaintiff-
121 intervenor Marti T. Dean, and plaintiff-intervenor David Greenstone, as receiver for Marti T. Dean.

122 The "Estate" means Virginia E. Swicegood, as executrix of the estate of William R.
123 Swicegood, Jr., M.D.

124 "Medical Protective" means defendant-counterplaintiff The Medical Protective Company.

"Dr. Swicegood" means William R. Swicegood, Jr., M.D., deceased.

The "Clinic" means Hull-Swicegood Clinic, P.A.

The "Underlying Lawsuit" means *Marti T. Dean v. Virginia E. Swicegood, Independent Executrix of the Estate of William R. Swicegood, Jr., Deceased, Paul G. Hull, M.D., and Hull-Swicegood Clinic, P.A.*, Case No. 94-06195, in the 191st Judicial District Court of Dallas County, Texas.

The "Final Judgment" means the final judgment signed in the Underlying Lawsuit and affirmed by the Texas Court of Appeals.

## PERCENTAGE OF COMPENSATORY DAMAGES

You must decide what percentage of the compensatory damages awarded in the Final Judgment in the Underlying Lawsuit (1) are based on professional services that Dr. Swicegood rendered or that he should have rendered and (2) are not in consequence of Dr. Swicegood's performance of a sexual act.

"Compensatory damages" mean the damages awarded to Dean in the Final Judgment, in the amount of $725,529.80.

"Professional services" of a physician are those that arise out of the physician's specialized vocation. It is not a professional service merely because it is performed by a physician; instead, it must be necessary for the physician to use his specialized knowledge or training as a physician.

Any compensatory damages awarded in the Final Judgment for damages that Dean suffered as a result of her romantic/sexual relationship with Dr. Swicegood are not based on "professional services" that Dr. Swicegood rendered or that he should have rendered. Any compensatory damages

- 6 -

awarded in the Final Judgment for damages that Dean suffered as a result of non-sexual-type acts or omissions within the realm of activities traditionally performed by a physician are based on "professional services" that Dr. Swicegood rendered or that he should have rendered.

A "sexual act" means sexual intercourse, kissing, touching, hugging, or fondling for sexual gratification, including subjecting another individual to a nonconsensual act undertaken for the perpetrator's own sexual gratification.

Damages are "in consequence of the performance of a sexual act" if they are proximately caused by the performance of the act. "Proximate cause" means that cause, which, in a natural and continuous sequence, produces an event, and without such cause such event would not have occurred. There may be more than one proximate cause of an event.

QUESTION NO. 1:

What percentage, if any, of the compensatory damages awarded against the Estate in the Final Judgment are based on professional services that Dr. Swicegood rendered or that he should have rendered and are not in consequence of Dr. Swicegood's performance of a sexual act?

> Instruction: Plaintiffs have the burden of proving the percentage of compensatory damages awarded based on professional services that Dr. Swicegood rendered or that he should have rendered. Medical Protective has the burden of proving the percentage of compensatory damages awarded in consequence of Dr. Swicegood's performance of a sexual act. Answer by stating a percentage.

ANSWER: __100__ %

QUESTION NO. 2:

What percentage, if any, of the compensatory damages awarded against the Clinic in the Final Judgment are based on professional services that Dr. Swicegood rendered or that he should have rendered and are not in consequence of Dr. Swicegood's performance of a sexual act?

> Instruction: Plaintiffs have the burden of proving the percentage of compensatory damages awarded based on professional services that Dr. Swicegood rendered or that he should have rendered. Medical Protective has the burden of proving the percentage of compensatory damages awarded in consequence of Dr. Swicegood's performance of a sexual act. Answer by stating a percentage.

ANSWER: _100_ %

## Jury Deliberations

The fact that I have given you certain instructions in this charge should not be interpreted in any way as an indication that I believe a particular party should, or should not, prevail in this case.

In order to return a verdict your verdict must be unanimous. It is your duty as jurors to consult one another and to deliberate with a view towards reaching an agreement. Each of you must decide the case for yourself, but only after an impartial consideration with each other of all the evidence in the case. In the course of your deliberations, do not hesitate to reexamine your own view and change your opinion if convinced it is erroneous. Do not, however, surrender your honest conviction as to the weight or effect of the evidence solely because of the opinion of other jurors or for the mere purpose of returning a verdict. Remember at all times that you are not partisans. You are judges—judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

After I finish reading this charge, you will retire to the jury room. I will send you the exhibits

190 that have been admitted into evidence. You will first select one member of the jury to act as presiding
191 juror. The presiding juror will preside over your deliberations and will speak on your behalf here in
192 court.

193 Do not deliberate unless all members of the jury are present in the jury room. In other words,
194 if one or more of you go to lunch together or are together outside the jury room, do not discuss the
195 case.

196 When you have reached unanimous agreement as to your verdict, the presiding juror shall fill
197 in your answers to the questions on a copy of the charge that I will provide to you for this purpose,
198 shall date and sign the last page of that copy of the charge, and shall notify the court security officer
199 that you have reached a verdict. The court security officer will then deliver the verdict to me.

200 The court will honor the schedule you set for your deliberations and your requests for breaks
201 during your deliberations. From time to time I may communicate with you concerning your schedule.
202 This is done primarily for the purpose of anticipating the court's staffing needs, and is not in any way
203 intended to suggest that your deliberations should be conducted at a different pace or on a different
204 schedule.

205 During the trial, the court reporter made a verbatim record of the proceedings. The court
206 rules do not provide for testimony to be produced for the jury in written form, or for testimony to be
207 read back to the jury as a general aid in refreshing the jurors' memories. In limited circumstances,
208 the court may direct the court reporter to read testimony back to the jury in open court. This is done,
209 however, only when the jury certifies that it disagrees as to the testimony of a particular witness, and
210 identifies the specific testimony in dispute.

211 If, during your deliberations, you desire to communicate with me, your presiding juror will

212  reduce your message or question to writing, sign it, and pass the note to the court security officer,
213  who will bring it to my attention. I will then respond as promptly as possible, either in writing or by
214  asking you to return to the courtroom so that I can address you orally. If you do send a message or
215  ask a question in which you indicate that you are divided, never state or specify your numerical
216  division at the time.
217         September  15  , 2004.

218
219                                          SIDNEY A. FITZWATER
220                                          UNITED STATES DISTRICT JUDGE

221        The foregoing is the unanimous verdict of the jury.

222        Dated: 9-17-04                    Tanya Berkins
223                                          Presiding Juror